IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Judith A. Kelly - Vessel,  )<br>)<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>PennyMac Loan Services, LLC,  )<br>)<br>Defendant.  )<br>)<br>)  | Case No. 3:23-cv-05096-JDA<br><br>**<u>OPINION AND ORDER</u>** |

This matter is before the Court on a motion to dismiss filed by Defendant [Doc. 24] and a motion for preliminary injunction[1] filed by Plaintiff [Doc. 10]. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings.

On June 7, 2024, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that Defendant's motions to dismiss be granted and Plaintiff's motion for a preliminary injunction be denied. [Doc. 49.] The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. [*Id.* at 10.] Plaintiff filed objections to the Report on July 11, 2024. [Doc. 58.]

---

[1] Although Plaintiff styled her motion as a "motion to show cause," the Magistrate Judge considered Plaintiff's motion to be a motion for preliminary injunction based on the substance of the motion [Doc. 49 at 9], and this Court will do the same.

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)). Although "objections need not be novel to be sufficiently specific," *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023), "a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection," *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (internal quotation marks omitted); *see Regassa v. Warden of FCI Williamsburg*, No. 8:22-cv-466-SAL, 2023 WL 2386515, at *2 (D.S.C. Mar. 7, 2023) (concluding an objection was non-specific because the petitioner "ignore[d] the magistrate judge's analysis and repeat[ed] the arguments he made in his opposition brief"); *Velez v. Williams*, No. 9:19-cv-03022-JMC, 2021 WL 837481, at *5 (D.S.C. Mar. 5, 2021) (reviewing for clear error only when the petitioner's objections were "rehashed, general, and non-specific"), *appeal dismissed*, 2021 WL 5879177 (4th Cir. Dec. 13, 2021).

"Even so, when confronted with the objection of a pro se litigant, [courts] must also be mindful of [their] responsibility to construe pro se filings liberally." *Martin*, 858 F.3d at 245.

## DISCUSSION

The Court concludes that Plaintiff's objections, liberally construed, fail to address the Report's findings and recommendations. Other than re-stating her factual allegations and the arguments she made before the Magistrate Judge on Defendant's motion to dismiss, Plaintiff has failed to address any of the substantive findings and recommendations in the Report. Instead, Plaintiff primarily restates her argument that Defendant has committed fraud and other illegal acts. [Doc. 58 at 4.] Plaintiff even states three times in her objections that she is "not claiming a legal error by the District Court, [but is] claiming fraud upon the court by the opposing parties."[2] [*Id*. at 1, 4 (internal quotation marks omitted); *see id*. at 5.]

Nevertheless, out of an abundance of caution for a pro se party, the Court has conducted a de novo review of the Report, the record, and the applicable law. Upon such review, the Court accepts the Report and Recommendation of the Magistrate Judge and

---

[2] The only portion of Plaintiff's objections suggesting any error by the Magistrate Judge reads as follows:

> The facts are clear, [Plaintiff's] property was prior to filing suit in the United States District Court, the Court and attorneys refused to abide[] by state and federal law that shows that there was a conspiracy, an agreement was made to have [Plaintiff's] complaint dismissed, the plan was carried out through fictional discovery dispute, [Plaintiff's] case was dismissed without a hearing having been or should have been scheduled namely 'Discovery Pretrial Scheduling Order.'

[Doc. 58 at 4.] Finding that this is yet another restatement of her argument that Defendant has committed fraud, the Court concludes that Plaintiff's objection fails to address the recommendations of the Magistrate Judge and is overruled.

incorporates it by reference. Accordingly, Defendant's motion to dismiss [Doc. 24] is GRANTED and Plaintiff's motion for preliminary injunction [Doc. 10] is DENIED.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin<br>United States District Judge,

September 12, 2024
Columbia, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.